AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

| SOUTHERN | DISTRICT OF | NEW YORK |
|---|---|---|

MICHAEL P. MARTIN

**SUMMONS IN A CIVIL CASE**

**V.**

MTH HOLDINGS, INC.

CASE NUMBER:   08 Civ

08 CV 8116

TO: (Name and address of defendant)

MTH Holdings, Inc.
Miller Tabak & Co., LLC
331 Madison Avenue
New York, NY 10017

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Ronald P. Mysliwiec, Esq.
The Law Offices of Ronald P. Mysliwiec
1740 Broadway, 22nd Fl.
New York, NY 10019

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

_Catherine Lapsley_

(BY) DEPUTY CLERK

SEP 10 2008

DATE

AO 440  (Rev. 10/93)  Summons In a Civil Action -SDNY  WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served: _____
_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐  Returned unexecuted: _____
_____
_____
_____

☐  Other (specify): _____
_____
_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing
information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
Date

_____
Signature of Server

_____
Address of Server

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

RONALD P. MYSLIWIEC (RM-8926)
LAW OFFICES OF  RONALD P. MYSLIWIEC
1740 Broadway, Suite 2200
New York, New York 10019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -x

MICHAEL P. MARTIN,                              :

                           Plaintiff,          :        08 Civ. 8116 (CM)

                                               :
                                                        <u>COMPLAINT</u>
        -against-                              :

                                               :        ECF Case

MTH HOLDINGS, INC.,                            :

                           Defendant.          :

- - - - - - - - - - - - - - - - - - - -x

        Plaintiff Michael P. Martin, through his attorneys, The Law Offices of Ronald P.

Mysliwiec, alleges for his complaint as follows:

        1.      This is an action by a Georgia shareholder against a privately-held, New

York corporation seeking injunctive relief to enforce that shareholder's rights to examine

certain books and records of the corporation.  The shareholder rights seeking to be

enforced here are those granted separately by statute, <u>*viz.*</u> New York Business

Corporation Law 624, and by New York's common law.

JURISDICTION AND VENUE

        2.      Plaintiff is a citizen of Georgia and resides at 121 Millpond Trace,

Eatonton, Georgia 31204.

3.      Defendant MTH Holdings, Inc. ("MTH") is a corporation organized under the laws of the State of New York with its principal office at 331 Madison Avenue, New York, New York 10017.

4.      This Court has jurisdiction over this matter, under 28 U.S.C. §1332, because it is a dispute between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.      Venue is proper in this District because it is the District in which defendant resides.

## BACKGROUND FACTS

6.      Plaintiff is a private investor who currently is the record and beneficial owner and holder of 475 shares of the common stock of defendant MTH.

7.      On information and belief, defendant MTH is a privately owned holding company, one of the assets of which is its interests in Miller Tabak & Co. LLC ("Miller Tabak"), a limited liability company that engages directly, and through subsidiary entities, in various aspects of the financial services industry in the United States and abroad, including acting as a broker-dealer and as an investment banker. MTH consults, or did consult, with Miller Tabak's managing general partner with respect to the non-broker-dealer activities of Miller Tabak. MTH also has, or did have, wholly owned subsidiaries that acted as general partners of various partnership entities holding significant investments in the supermarket industry, among other things.

8.      On information and belief, Jeffrey D. Miller is the Chairman or Chief Executive Officer of MTH.

9.      In approximately 1984, plaintiff made a substantial investment in MTH. By no later than 1986, this investment was converted into 475 shares of the common stock of MTH, which shares plaintiff still holds.  Copies of the stock certificates evidencing plaintiff's ownership interest in MTH are attached hereto as Exhibit 1.

10.      In 1991, MTH offered to repurchase a portion of plaintiff's shares for $90.11 per share.  At that time, MTH also offered plaintiff the option to defer the buyout until April 1996, and encouraged him to do so by representing that the prospects for the company's growth were excellent.

11.      Plaintiff did not participate in either the 1991 or 1996 repurchase offers by MTH, and still retains his 475 shares of MTH common stock.

12.      For several years, plaintiff tried without success to obtain information concerning the financial affairs of MTH by writing and calling management.

13.      On or about August 21, 2008, plaintiff, through his attorney, delivered to MTH a demand pursuant to Section 624 of New York's Business Corporation Law, that MTH make available for Mr. Martin's inspection, examination and copying:  1) All minutes of shareholders' meetings from January 1, 1994 to the present; 2) the most recent record of shareholders of MTH; and 3) the most recent annual balance sheet and statement of profits and losses.  A copy of that  demand for inspection and examination is attached hereto as Exhibit 2.

14.      On September 11, 2008, plaintiff sent a further, written demand to defendant in pursuit of his common law rights of inspection and examination of defendant's books and records. A copy of that second demand for inspection and examination is attached hereto as Exhibit 3.

15.     As of the date of this Complaint, neither plaintiff nor his counsel has received any response from MTH to either of his demands for inspection and examination.

CLAIM I – NEW YORK BUSINESS
CORPORATION LAW §624

16.     Plaintiff restates and realleges all of the allegations set forth in paragraph s 1 – 15 above.

17. N.Y.B.C.L. §624 provides in relevant part:

"(a) Each corporation shall keep correct and complete books and records of account and shall keep at the office of the corporation…, a record containing the names and addresses of all shareholders, the number and class of shares held by each and the dates when they respectively became the owners of record thereof….

(b) Any person who shall have been a shareholder of record of a corporation upon at least five days' written demand shall have the right to examine in person or by agent or attorney, during usual business hours, its minutes of the proceedings of its shareholders, the number and class of shares held by each and the dates when they respectively became the owners of record thereof.

* * * *

(e) Upon the written request of any shareholder, the corporation shall give or mail to such shareholder an annual balance sheet and profit and loss statement for the preceding fiscal year, and if any interim balance sheet or profit and loss statement has been distributed to its shareholders or otherwise made available to the public, the most recent such interim balance sheet or profit and loss statement…."

17. Under N.Y.B.C.L. §624, the shareholder need give no reason for his demand for inspection and examination.  He has the right to such inspection and examination simply because he is a shareholder.  The only limitation on that right is set forth in N.Y.B.C.L. 624(c).

"(c) An inspection authorized by paragraph (b) may be denied to such shareholder or other person upon his refusal to furnish to the corporation… an affidavit that such inspection is not desired for a purpose which is in the business or object

4

other than the business of the corporation and that he has not within five years sold or offered for sale any list of shareholders of any corporation… or aided and abetted any person in procuring any such record of shareholders for any such purpose."

18. Defendant has not sought the affidavit from plaintiff described in N.Y.B.C.L. §624(c). However, if the affidavit referred to in §624(c) were required or sought by defendant plaintiff could and would provide it.

19. The examination and inspection sought is not for the purpose of communicating with shareholders in the interest of a business or object other than the business of MTH.

20. Plaintiff has not within five years of the date of the demand for inspection sold, or offered for sale, any list of shareholders of any domestic or foreign corporation or aided or abetted any person in procuring any such record of shareholders for any such purpose.

CLAIM II – COMMON LAW RIGHT
TO INSPECT AND EXAMINE
CORPORATE BOOKS AND RECORDS

21. Plaintiff restates and realleges all of the allegations set forth in paragraphs 1 – 20 above.

22. Plaintiff is a shareholder of record of the common stock of defendant corporation.

23. In addition to the rights to inspect and examine corporate records set forth in the N.Y.B.C.L., New York recognizes a common-law right of a shareholder to inspect and examine corporate books and records. It differs from the right codified in N.Y.B.C.L. §624 in two ways. First, unlike §624, under the common law a shareholder

5

must demonstrate a proper purpose for his demand to inspect and examine corporate records. Second, if he demonstrates a proper purpose, he is entitled to inspect all corporate books and records germane to his legitimate purpose, and is not limited simply to the categories of documents enumerated in N.Y.B.C.L. §624.

24. Plaintiff seeks to examine the books and records of defendant for the following proper purposes: (a) to determine whether the affairs of MTH are being properly managed; (b) to protect his investment; and (c) to determine the value of his investment.

WHEREFORE, plaintiff requests that a preliminary and permanent injunction be entered against defendant MTH, its employees, agents and others working on its behalf:

A.   On Claim I prohibiting defendant from withholding from plaintiff and agents to be designated by him: (i) the names and addresses of all shareholders, the number and class of shares held by each and the dates when they respectively became the owners of record thereof: and (ii) an annual balance sheet or profit and loss statement for the preceding fiscal year; and (iii) the most recent interim balance sheet or profit and loss statement which has been distributed to defendant's shareholders or which has otherwise made available to the public;

B.   On Claim II prohibiting defendant from withholding from plaintiff and agents to be designated by him any of the corporate books and records of defendant from January 1, 2004, to the present day reasonably required by plaintiff to: (a) determine whether the affairs of MTH are being properly managed; (b) protect his investment; and (c) determine the value of his investment; and granting such other and further relief and this Court may deem just and proper.

Dated:  New York, New York
          September 19, 2008

LAW OFFICES OF RONALD P.
MYSLIWIEC

By_____
Ronald P. Mysliwiec (RM-8926)
Attorney for Plaintiff
1740 Broadway, 22nd Fl.
New York, NY  10019
(212) 245-2202

7

# Exhibit 1

... THE HOLDER HEREOF POSSESSES A ONE-TIME RIGHT TO RESELL THE SHARES REPRESENTED HEREBY TO MTH HOLDINGS, INC. IN ACCORDANCE WITH THE TERMS AND CONDITIONS SET FORTH IN THE EXCHANGE OFFERING STATEMENT OF MTH HOLDINGS, INC. DATED MARCH 10, 1986.

SHARES 73

NUMBER 331

*Incorporated under the Laws of the State of New York*

# MTH HOLDINGS, INC.

The Corporation is Authorized to Issue 650,000 Shares of Common Stock
Par Value $1.00 Each

**This Certifies that** _____ Michael F. Martin _____ *is the owner of*

_____ Seventy-three _____

*fully paid and non-assessable Shares, par value $1.00 each, of the Common Stock of*

## MTH HOLDINGS, INC.

*transferable on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.*

**Witness** *the seal of the Corporation and the signatures of its duly authorized officers.*

Dated _____ July 22, 1986 _____

*Secretary - Treasurer*

*Vice President / President*

Case 1:08-cv-04410-CM   Document 1   Filed 05/12/08   Page 12 of 19



SHARES 146

NUMBER 329

*Incorporated under the Laws of the State of New York*

# MTH HOLDINGS, INC.

The Corporation is Authorized to Issue 650,000 Shares of Common Stock
Par Value $1.00 Each

**This Certifies that**   Michael. F. Martin   **Is the owner of**

one hundred forty-six _____

fully paid and non-assessable Shares par value $1.00 each, of the Common Stock of

## MTH HOLDINGS, INC.

transferable on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender of this Certificate properly endorsed.

**Witness** the seal of the Corporation and the signatures of its duly authorized officers.

Dated _____ July 22, 1986 _____

_____ Secretary, Treasurer

_____ Vice President, President

THE SHARES REPRESENTED HEREBY TO MTH HOLDINGS, INC., IN ACCORDANCE WITH THE TERMS AND CONDITIONS SET FORTH IN THE EXCHANGE OFFERING STATEMENT OF MTH HOLDINGS, INC. DATED MARCH 1985.

THEREOF.   THE HOLDER HEREOF POSSESSES A ONE-TIME RIGHT TO RESELL THE

OR FOR AN APPLICABLE EXEMPTION FROM THE REGISTRATION REQUIREMENTS



NUMBER
**327**

SHARES
**256**

*Incorporated under the Laws of the State of New York*

# MTH HOLDINGS, INC.

The Corporation is Authorized to Issue 650,000 Shares of Common Stock
Par Value $1.00 Each

**This Certifies that**    Michael F. Martin    **is the owner of**

Two hundred fifty six

fully paid and non-assessable Shares, par value $1.00 each, of the Common Stock of

## MTH HOLDINGS, INC.

transferable on the books of the Corporation by the holder hereof in person or by duly authorized Attorney upon surrender
of this Certificate properly endorsed.

**Witness** the seal of the Corporation and the signatures of its duly authorized officers.

Dated   July 22, 1986

_____ Secretary Treasurer

_____ Vice-President President

EMPTION ACT OR AN APPLICABLE REDEMPTION THEREFROM.

# Exhibit 2

LAW OFFICES OF
RONALD P. MYSLIWIEC
SUITE 2200
1740 BROADWAY
NEW YORK, NEW YORK 10019-4315

(212) 245-2202
FAX (212) 245-8683
RPM@RPMLAWNY.COM

August 19, 2008

**BY CERTIFIED MAIL**

MTH Holdings, Inc.
% Mr. Jeffrey D. Miller
Miller Tabak & Co., LLC
331 Madison Avenue
New York, NY 10017

Re:   Inspection of Books and Records of MTH Holdings, Inc.

Dear Mr. Miller:

I have been retained by Michael Martin in connection with his ownership of 475 shares of the common stock of MTH Holdings, Inc. ("MTH").

Pursuant to Section 624 of New York's Business Corporation Law, we demand that MTH make available for Mr. Martin's inspection and copying the following books and records of MTH:

1.   All minutes of shareholders' meetings, from January 1, 1994 to the present;
2.   The most recent record of shareholders of MTH;
3.   The most recent annual balance sheet and statement of profits and losses.

Pursuant to Section 624 we demand that these books and records be made available at a mutually convenient time and place, no sooner than 5 business days from the date of receipt of this letter and no later than 15 business days from the date of receipt of this letter. If MTH has merged or consolidated with another entity or entities, this request shall pertain to the successor entity or entities.

We further request that MTH provide additional information, as described below:

1.  If MTH has dissolved, provide us with the certificate of dissolution and describe what provision was made for the value of Mr. Martin's shares;
2.  If MTH has merged or consolidated with another entity or entities, provide us with the certificate of merger or consolidation and any subsequent certificates of merger or consolidation relating to the successor corporation or corporations.
3.  Any other information that you believe may be helpful to Mr. Martin in determining the status and value of his ownership of shares of MTH or its successor entity or entities.

Thank you for your attention to this matter. If you have any questions about this demand, I may be reached at (212) 245-2202.

Very truly yours,

Ronald P. Mysliwiec

cc:    Michael P. Martin

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete Item 4 If Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Faye Diaz_  ☐ Agent  ☐ Addressee<br>B. Received by ( *Printed Name*)  C. Date of Delivery<br>FAYE DIAZ<br>D. Is delivery address different from Item 1?  ☐ Yes<br>   If YES, enter delivery address below:  ☐ No |
| 1. Article Addressed to:<br>MTH Holdings<br>c/o Mr Jeffrey D. Miller<br>Miller Tabak + Co. LLC<br>331 Madison Avenue<br>New York, NY 10017 | 3. Service Type<br>☐ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (*Extra Fee*)  ☐ Yes |
| 2. Article Number<br>(*Transfer from service label*) | 7004 2510 0006 8302 7340 |
| PS Form 3811, February 2004 | Domestic Return Receipt    102595-02-M-1540 |

# Exhibit 3

LAW OFFICES OF
RONALD P. MYSLIWIEC
SUITE 2200
1740 BROADWAY
NEW YORK, NEW YORK 10019-4315

(212) 245-2202
FAX (212) 245-8683
RPM@RPMLAWNY.COM

September 10, 2008

**BY CERTIFIED MAIL**

MTH Holdings, Inc.
% Mr. Jeffrey D. Miller
Miller Tabak & Co., LLC
331 Madison Avenue
New York, NY 10017

          Re:    <u>Inspection of Books and Records of MTH Holdings, Inc.</u>

Dear Mr. Miller:

      I write further in regard to the matter I first raised with you in my letter of August 19, 2008, regarding Michael Martin's demand to inspect certain books and records of MTH Holdings, Inc. ("MTH"). As I have previously stated, Mr. Martin owns 475 shares of MTH's common stock.

      This is to advise you that in addition to his August 19, demand, under N.Y.B.C.L. §624, Mr. Martin makes an additional demand under New York common law to examine all of the corporate books and records of MTH, from January 1, 1994, to the present day. Mr. Martin wishes to examine those books and records in order to: (a) determine whether the affairs of MTH are being properly managed; (b) to protect his investment; and (c) to determine the value of his investment.

      If MTH has dissolved, provide us with the certificate of dissolution and describe what provision was made for the value of Mr. Martin's shares. If MTH has merged or consolidated with another entity or entities, provide us with the certificate of merger or consolidation and any subsequent certificates of merger or consolidation relating to the successor corporation or corporations.

      I look forward to your response within five days of the receipt hereof.

                      Very truly yours,

                      Ronald P. Mysliwiec

cc:   Michael P. Martin

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _A. Rodshoul_   ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   A. Bockford   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

1. Article Addressed to:

MTH Holdings
C/o Mr. Jeffrey D. Miller
Miller Tabak + Co. LLC
331 Madison Avenue.
New York, NY 10017

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number  7004 2510 0006 8302 7333
(Transfer from service label)

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540